[Cite as *State v. Hughes*, 2016-Ohio-137.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 26869 |
| | : | |
| v. | : | T.C. NO.   1998-CR-01706 |
| | : | |
| THOMAS C. HUGHES | : | (Criminal appeal from |
| | : |  Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

**O P I N I O N**

Rendered on the ___15th___ day of ___January___, 2016.

. . . . . . . . . . .

CARLEY J. INGRAM, Atty, Reg. No. 0020084, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

ROBERT ALAN BRENNER, Atty. Reg. No. 0067714, 120 W. Second Street, Suite 706, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, J.

        **{¶ 1}** Defendant-appellant Thomas C. Hughes appeals a decision of the Montgomery County Court of Common Pleas, Criminal Division, overruling his motion to preserve physical evidence.  Hughes filed a timely notice of appeal with this Court on October 19, 2015.

{¶ 2} On September 29, 1998, Hughes was convicted of one count of felonious assault, one count of kidnapping, and three counts of rape. The trial court subsequently sentenced him to life in prison.

{¶ 3} On August 6, 2015, Hughes filed a motion to preserve physical evidence with the trial court. In support of his motion, Hughes cited a decision from the Ohio Supreme Court, *State v. Roberts*, 134 Ohio St.3d 459, 2012-Ohio-5684, 983 N.E.2d 334, wherein the court held that "the obligation to preserve and catalog criminal-offense-related biological evidence imposed upon certain government entities by R.C. 2933.82 applies to evidence in the possession of those entities at the time of the statute's effective date." *Id.* at ¶ 31.

{¶ 4} On September 21, 2015, the trial court overruled Hughes' motion, finding that the Ohio Supreme Court's holding in *Roberts* did not retroactively apply to Hughes, who was convicted and sentenced in September of 1998.

{¶ 5} It is from this judgment that Hughes now appeals.

{¶ 6} Hughes' sole assignment of error is as follows:

{¶ 7} "THE TRIAL COURT ERRED WHEN IT OVERRULED HUGHES' MOTION TO PRESERVE PHYSICAL EVIDENCE."

{¶ 8} In his sole assignment, Hughes contends that the trial court erred when it overruled his motion to preserve physical evidence. Specifically, Hughes argues that the Ohio Supreme Court's holding in *Roberts* was misconstrued by the trial court because R.C. 2933.82 "applies to evidence that was in the government's possession at the time of the statute's enactment." *Roberts*, 134 Ohio St.3d 459, 2012-Ohio-5684, 983 N.E.2d 334, ¶ 25. We note that the State has filed a brief in which it concedes error regarding

the trial court's determination that the holding in *Roberts* does not entitle Hughes to an order preserving all biological and/or physical evidence collected in the instant case.

{¶ 9} The issue in the instant case was not whether the holding in *Roberts* retroactively applied to Hughes. The issue was whether the evidence which Hughes sought to be preserved was in the possession of the State at the time of the effective date of R.C. 2933.82. Thus, the State concedes error on appeal.

{¶ 10} Accordingly, we find that the trial court erred when it overruled Hughes' motion to preserve physical evidence. The effective date of R.C. 2933.82 was July 6, 2010. Therefore, pursuant to *Roberts*, Hughes is entitled to an order preserving all of the physical evidence in the possession of the State as of July 6, 2010. Both parties agree that the proper remedy on appeal is to reverse and remand this case for an order preserving all biological/physical evidence in the instant case.

{¶ 11} Hughes' sole assignment of error is sustained.

{¶ 12} Hughes' sole assignment of error having been sustained, the judgment of the trial court is reversed, this matter is remanded to the trial court for proceedings consistent with this opinion.

. . . . . . . . . .

FROELICH, P.J. and FAIN, J., concur.

Copies mailed to:

Carley J. Ingram
Robert Alan Brenner
Hon. Dennis J. Adkins